UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISON

| | |
|---|---|
| YOLANDA DOBBINS; LILY GODINEZ; and MEGAN NORDYKE, on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br>v.<br><br>THE CITY OF DALLAS and DALLAS COUNTY,<br><br>  Defendants. | § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:20-cv-1727<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiffs YOLANDA DOBBINS ("Ms. Dobbins"), LILY GODINEZ ("Ms. Godinez"), and MEGAN NORDYKE ("Ms. Nordyke") (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys, bring this action for damages and other legal and equitable relief from Defendants the CITY OF DALLAS and DALLAS COUNTY (collectively "Defendants"), for violations of their rights under the United States Constitution, including protections against unreasonable searches and seizures under the Fourth Amendment, violations of 42 U.S.C. § 1983, and any other cause(s) of action that can be reasonably inferred from the facts set forth herein.

## INTRODUCTION

1. This is an action brought by Plaintiffs seeking damages from Defendants for acts of unlawful arrest, excessive force, inadequate training, false arrest, and negligent hiring, retention, and supervision, and intentional emotional injury committed by members of the Dallas Police Department as agents of Defendants. Plaintiffs bring this action on behalf of themselves, and those similarly situated, as Defendants subjected lawful protestors to unlawful arrest and excessive force

in violation of Plaintiffs' constitutional rights. Plaintiffs seek injunctive relief to put an end to Defendants' policies that violate §1983 and the U.S. Constitution and that continue to threaten Plaintiffs' constitutional right to peacefully and nonviolently protest in the City of Dallas.

2.      Plaintiffs participated in peaceful protests in the City of Dallas.  Plaintiffs did not participate in unlawful activity, but were arrested, charged, and jailed overnight for their presence at protests.

3.      Defendants arrested citizens participating in lawful protest throughout the city. Defendants ignored protestors' peacefulness and their attempts to comply with officer directions, instead opting to punish people for their presence and their protests, not their actions. Defendants used the arm of the law to put a stranglehold on protected expression that was critical of them. Defendants discriminately employed vaguely-worded laws to falsely arrest protestors, employing excessive force in the process.

4.      As a result of Defendants' unlawful actions, Plaintiffs are entitled to injunctive relief to prevent future violations of their rights under the United States Constitution, including protections against unreasonable searches and seizures under the Fourth Amendment; deprivation of rights under 42 U.S.C.A. § 1983; and any other cause(s) of action that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress

**ORIGINAL COMPLAINT**

providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. §§ 2000e *et seq.*, as amended, and (iii) 42 U.S.C. §§ 1983 *et seq.*, as amended.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District.

## PARTIES

7. Plaintiff Yolanda Dobbins is a person who has been aggrieved by Defendants' actions. She is and has been, at all relevant times, a citizen of the United States of America and a resident of the state of Texas.

8. Plaintiff Lily Godinez is a person who has been aggrieved by Defendants' actions. She is and has been, at all relevant times, a citizen of the United States of America and a resident of the state of Texas.

9. Plaintiff Megan Nordyke is a person who has been aggrieved by Defendants' actions. She is and has been, at all relevant times, a citizen of the United States of America and a resident of the state of Texas.

10. Defendant City of Dallas is located in the state of Texas and within the Northern District of Texas, Dallas Division.

11. Defendant Dallas County is located in the state of Texas and within the Northern District of Texas, Dallas Division.

## STATEMENT OF FACTS

12. On the night of May 29, 2020, protests began in Dallas and across the country in protest of the murder of George Floyd at the hands of police officers and in support of the Black Lives Matter movement.

**ORIGINAL COMPLAINT**
3

13. By and large these protests were peaceful marches honoring the life of George Floyd, demanding that the police who killed him be brought to justice, and demanding police reforms to prevent future injustice.

14. However, peaceful protestors exercising their First Amendment rights were met with violent resistance from law enforcement.

15. Police officers employed by the Defendant City of Dallas (the "Dallas Police") used tear gas to break up peaceful protests and aimed rubber bullets into crowds, often at close range.

16. Dallas Police also rounded up and arrested nonviolent protestors, often without telling them what they would be charged with at the time, and held them overnight in Defendant Dallas County's jail on charges of riot participation, obstruction of a roadway, and curfew violations—despite the peaceful nature of the protests.

17. Dallas Police selectively enforced the law in a manner that targeted peaceful protestors engaged in protected First Amendment activity.

18. These actions taken by the Dallas Police and authorized by Defendant City of Dallas were intended to suppress protected First Amendment activity. Dallas Police and Defendant City of Dallas attempted to quash future protests by intimidating peaceful protestors and threatening them with future criminal charges for continuing to exercise their constitutional rights. Dallas County participated by jailing peaceful protestors and by intimidating them during their incarceration, denying them cups for water, and telling them "You should have thought about that before you came down here [to protest]."

**FACTS SPECIFIC TO YOLANDA DOBBINS**

19. Plaintiff Yolanda Dobbins is a fifty-five-year-old Dallas resident.

20. Ms. Dobbins accompanied her teenage daughter to a march near Interstate 35E.

**ORIGINAL COMPLAINT**

21. Due to the many road closures in the area, Ms. Dobbins and her daughter followed a group of protestors who started towards the highway.

22. Police arrived and began firing rubber bullets into the crowd.

23. Ms. Dobbins and her daughter were separated as her daughter attempted to run from the rubber bullets. As they were separated, Ms. Dobbins witnessed a Dallas Police squad car attempt to ram her daughter.

24. As Ms. Dobbins yelled for her daughter, police surrounded Ms. Dobbins and arrested her.

25. As Ms. Dobbins was being arrested, she asked the officers to see if her minor daughter was physically safe. The officers refused and told her that if she wanted her daughter to be safe "she should have thought of that before coming to protest."

26. Despite not being on the highway or even on the ramp to the highway, Ms. Dobbins was charged with obstructing a highway under Texas Penal Code § 42.03.

27. Ms. Dobbins did not learn until after she was released that her daughter was safe and with family.

28. While incarcerated by the County of Dallas, Ms. Dobbins asked for a cup of water. The jailer for the County of Dallas denied her request, and told her "You should have thought about that before you came down here [to protest]" in an attempt to dissuade Ms. Dobbins and those similarly situated from exercising their First Amendment rights.

## FACTS SPECIFIC TO LILY GODINEZ

29. Plaintiff Lily Godinez is a twenty-year-old Dallas resident.

30. On May 30, 2020, Ms. Godinez was standing by her car holding a sign that said "Black Lives Matter."

31. Dallas Police in the area where Ms. Godinez had parked instructed protestors to leave and used tear gas to disperse protestors.

32. When Ms. Godinez pulled out her car keys to leave, two Dallas police officers tackled her from behind, slammed her to the ground face first, and pinned her face-down on the ground with a riot shield on her head.

33. When Ms. Godinez stated to the officers arresting her that she had not done anything wrong, the officers replied, "you were holding a sign, you were doing something [wrong]" – making clear that she was being arrested for exercising her First Amendment rights by holding a sign that said "Black Lives Matter."

34. Ms. Godinez was arrested and charged with riot participation under Texas Penal Code § 42.02.

35. While under arrest, Ms. Godinez was told by a Dallas Police officer "you should have just stayed home" in an attempt to dissuade Ms. Godinez and those similarly situated from exercising their First Amendment rights.

36. Ms. Godinez was kept in a Dallas jail until she was bailed out the next morning.

## MEGAN NORDYKE

37. Plaintiff Megan Nordyke is a thirty-five-year-old Dallas resident. She is an attorney duly licensed to practice law in the State of Texas.

38. As an attorney, Ms. Nordyke attended the protests near Dallas City Hall as an unofficial legal observer.

39. She carried a handmade sign stating "The eyes of justice are watching" on one side and "I'm not the only lawyer here" on the other side.

40. Throughout the evening, Ms. Nordyke attempted to diffuse tensions and discourage provocations between the Dallas Police and protestors.

41. As she attempted to leave, a Dallas Police officer pointed a weapon at her. Ms. Nordyke was unarmed, did not have a weapon, and immediately sat down.

42. When no further directions came, Ms. Nordyke moved to sit in front of Dallas City Hall with her sign resting against her legs.

43. As she was sitting, Dallas Police officers in riot gear approached her and told her they were arresting her for not following instructions.

44. Ms. Nordyke could not hear any instructions from the officers, as they were wearing gas masks.

45. Ms. Nordyke was arrested and charged with riot participation under Texas Penal Code § 42.02.

## FACTS COMMON TO ALL PLAINTIFFS

46. Plaintiffs, and those similarly situated, all spent the night in the Dallas County jail.

47. Plaintiffs, and those similarly situated, were either peacefully participating in the protests or attempting to leave safely when arrested.

48. Plaintiffs, and those similarly situated, were released the following day when they each paid a bond of at least $500.

49. Plaintiffs, and those similarly situated, were not informed that their charges would be dropped until nearly two weeks later.

50. Despite their treatment by police, Plaintiffs foresee participating in peaceful protests in the future and fear further intimidation and arrest under similar overbroad and

unconstitutional applications of Texas Penal Code § 42.02 and Texas Penal Code § 42.03 by Defendants.

## RULE 23 CLASS ACTION ALLEGATIONS

1. Plaintiffs bring this action pursuant to FED. R. CIV. P. 23(b)(3), on behalf of a class of individuals who participated in lawful protest and were arrested during the relevant time period or who will participate in lawful protest and be arrested subject to Defendants' policies in violation of §1983 and the U.S. Constitution. All requirements of class certification are met by the proposed class.

2. The Class which Plaintiff Dobbins seeks to represent is defined as follows:

> All individuals who, during the relevant time period, were or will be engaged in peaceful, nonviolent protest in the city of Dallas and charged under Texas Penal Code § 42.03.

3. The Class which Plaintiffs Godinez and Nordyke seek to represent is defined as follows:

> All individuals who, during the relevant time period, were or will be engaged in peaceful, nonviolent protest in the city of Dallas and charged under Texas Penal Code § 42.02.

4. The number of class members who have suffered from Defendants' violations of §1983 and the U.S. Constitution, as set forth herein, are too numerous to join in a single action, necessitating class recognition. *See* FED. R. CIV. P. 23(a)(1).

**ORIGINAL COMPLAINT**

5. All questions relating to the Class's allegations under §1983 and the U.S. Constitution share a common factual basis with those raised by the claims of Plaintiffs. The claims of Plaintiffs are typical of those asserted by the class members. *See* FED. R. CIV. P. 23(a)(3).

6. Plaintiffs will fairly and adequately represent the interests of all members of the proposed class. *See* FED. R. CIV. P. 23(A)(4).

7. Plaintiffs seek prospective injunctive relief so that the Class may continue to assert their constitutional right to peacefully, nonviolently protest in the City of Dallas without fear.

8. A class action is superior to all other methods of adjudication and is necessary in order to fairly and completely litigate the Class's allegations that Defendants violated §1983 and the U.S. Constitution by engaging in policies and practices that discriminated against peaceful protestors.

9. The class members of the proposed Class are readily discernable and ascertainable. Contact information for all members of the proposed Class are readily available to Defendants through the arrest records at issue in this case. Notice of this class action can be provided by any means permissible under the Rule 23 requirements.

10. Plaintiffs assert these claims on their own behalf as well as on behalf of the Class Plaintiffs through their attorneys who are experienced in class action litigation as well as civil rights litigation.

11. Plaintiffs are able to fairly represent and properly protect the interests of the absent members of the proposed Class and have no interests conflicting with those of the proposed Class.

12. The public will benefit from this case being brought as a class action because it serves the interests of judicial economy by saving the Court's time and effort and by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual Class

Plaintiffs creates a risk of varying results based on identical fact patterns as well as disposition of the class's interests without their knowledge or contribution.

13. The questions of law and fact that are nearly identical for all class members make proceeding as a class action ideal. Without judicial resolution of the claims asserted on behalf of the proposed Class, continued violations of §1983 and rights under the U.S. Constitution will undoubtedly continue.

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
### 42 U.S.C.A. § 1983, Civil Action For Deprivation of Rights
### (Unlawful Arrest)

51. Plaintiffs repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

52. The conduct alleged herein deprived Plaintiffs of rights and privileges secured and protected by the United States Constitution and the laws of the United States, namely the Fourth Amendment right to be free from unreasonable searches and seizures and freedom from deprivation of life and liberty without due process of law.

53. Defendants subjected Plaintiffs to such deprivations by acting with malice or with actual intent to cause injury in the performance of their official functions.

54. Plaintiffs' requests for relief are set forth below.

### AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
### 42 U.S.C.A. § 1983, Civil Action For Deprivation of Rights
### (Excessive Force)

55. Plaintiffs repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

56. The conduct alleged herein deprived Plaintiffs of rights and privileges secured and protected by the United States Constitution and the laws of the United States, namely the Fourth

Amendment right to be free from excessive use of force against their persons during the course of an arrest.

57. Defendants subjected Plaintiffs to such deprivations by acting with malice or with actual intent to cause injury in the performance of their official functions.

58. Plaintiffs' requests for relief are set forth below.

### AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
### 42 U.S.C.A. § 1983, Civil Action For Deprivation of Rights
### (Inadequate Training)

59. Plaintiffs repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

60. Defendants are also liable because (1) their training procedures relating to arrests, interactions with community members, and appropriate force are inadequate; (2) Defendants were deliberately indifferent to the constitutional rights of the public in adopting the training policies; and (3) the inadequate training has directly caused Plaintiffs' damages. These allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

61. Plaintiffs' requests for relief are set forth below.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
### 42 U.S.C.A. § 1983, Civil Action For Deprivation of Rights
### (First Amendment Deprivations)

62. Plaintiffs repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

63. The conduct alleged herein deprived Plaintiffs of rights and privileges secured and protected by the United States Constitution and the laws of the United States, namely the First Amendment right to peaceful assembly and free speech.

64. Defendants intentionally suppressed Plaintiffs' rights under the First Amendment by arresting them for lawfully protesting, intimidating them, and using violence against them.

65. Plaintiffs' requests for relief are set forth below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendants as follows:

A. A declaration that the practices complained of herein are unlawful and unconstitutional violations of the Plaintiffs' rights under U.S. Const. Amend. IV and 42 U.S.C. § 1983;

B. Awarding Plaintiffs their reasonable and necessary attorneys' fees and expenses which Plaintiffs have incurred and will continue to incur during all trial and appellate court proceedings pursuant to 42 U.S.C. § 1988;

C. That the Court retain jurisdiction over Defendants until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

D. Awarding Plaintiffs such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Plaintiffs also seek injunctive relief, including, but not limited to:

A. Declaration that Texas Penal Code § 42.02 is unconstitutional and thereby void for violation of the First and Fourth Amendments, as well as overbroad and vague;

B. Training on appropriate use-of-force and de-escalation tactics for all law enforcement officials employed by Defendants;

C. Supervisory discipline up to and including termination for any employee or agent of Defendants who engages in such unlawful arrest and excessive force;

D. Supervisory discipline up to and including termination for any employee or agent of Defendants involved in the incidents described herein; and

E. Monitoring by this Court to ensure that compliance by Defendants with all injunctive relief ordered by this Court.

Plaintiffs further demand that they be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Dated: June 30, 2020					Respectfully submitted,

*/s/ David W. Henderson*
David W. Henderson
Texas State Bar No. 24032292
dhenderson@equalrights.law
Jay D. Ellwanger
Texas State Bar No. 24036522
jellwanger@equalrights.law
**ELLWANGER LAW LLLP**
400 S. Zang Blvd. Ste. 1015
Dallas, TX 75208
Telephone: (469) 998-6775
Facsimile:  (469) 998-6775

***COUNSEL FOR PLAINTIFFS***

**ORIGINAL COMPLAINT**

13