IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YOLANDA DOBBINS; LILY GODINEZ; and MEGAN NORDYKE, on behalf of themselves and all others similarly situated,<br>　　　　Plaintiffs,<br><br>vs.<br><br>CITY OF DALLAS and DALLAS COUNTY<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br><br>3:20-CV-1727-K |

**DEFENDANT DALLAS COUNTY'S MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND MEMORANDUM BRIEF IN SUPPORT**

JOHN CREUZOT
CRIMINAL DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

JASON G. SCHUETTE
Assistant District Attorney
Texas State Bar No. 17827020
jason.schuette@dallascounty.org

FEDERAL LITIGATION DIVISION
FRANK CROWLEY COURTS BLDG.
133 N. RIVERFRONT BLVD., L.B. 19
DALLAS, TEXAS  75207-4399
Telephone:　　　(214) 653-3692
Telecopier:　　　(214) 653-2899

ATTORNEY FOR THE DEFENDANT
DALLAS COUNTY

# TABLE OF CONTENTS

I.      Summary of the Motion ....................................................................................1

II.     Procedural History and Brief Factual Summary ..............................................1

        A.      Procedural history ................................................................................1

        B.      Brief factual summary..........................................................................2

III.    Argument and Authorities that Require Dismissal ..........................................2

        A.      The Rule 12(b)(6) standard:  whether the well-pleaded facts present a
                facially plausible claim for relief. ......................................................2

        B.      Governmental liability under § 1983 ...................................................5

                1.      Plaintiffs do not identify County final policymakers responsible for
                        the Jail personnel's alleged unconstitutional conduct..................7

                2.      Plaintiffs' § 1983 claims must be dismissed because Plaintiffs fail
                        to sufficiently plead the existence of an offending custom having
                        the force of official policy............................................................8

                3.      Plaintiffs' § 1983 claims against the County must be dismissed
                        because Plaintiffs fail to plead facts sufficient to permit a
                        reasonable inference of deliberate indifference by a County final
                        policymaker....................................................................................12

                4.      Plaintiffs' § 1983 claims against the County must be dismissed
                        because Plaintiffs fail to plead sufficient facts to permit a
                        reasonable inference of legal causation. ......................................13

        C.      Plaintiffs do not plead a facially plausible fail-to-train claim against
                the County...........................................................................................14

IV.     CONCLUSION................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................. 4, 5, 6

*Bd. of Comm'rs v. Brown*,
  520 U.S. 397 (1997) ....................................................................................... 5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................. 3, 4, 6

*Bennett v. City of Slidell*,
  728 F.2d 762 (5th Cir. 1984) ................................................................ 5, 9, 10

*Brown v. Ewart*,
  517 F. App'x 134 (4th Cir. 2013) .................................................................. 10

*Brown v. Faggart*,
  No. 1:09-CV-573, 2013 WL 316152 (M.D.N.C. Jan. 28, 2013) ............................ 10

*City of Canton v. Harris*,
  489 U.S. 378 (1989) ..................................................................................... 6, 7

*Conley v. Gibson*,
  355 U.S. 41 (1957) ............................................................................................ 3

*Deville v. Marcantel*,
  567 F.3d 156 (5th Cir. 2009) ............................................................................ 7

*Doerr v. Sisson*,
  563 F. App'x 291 (5th Cir. 2014) ................................................................... 14

*Doerr v. Sisson*,
  No. 1:09-CV-00199-GHD, 2013 WL 3340487 (N.D. Miss. July 2, 2013) ............ 14

*E.G. v. Bond*,
  No. 1:16-CV-068-C, 2017 WL 129019 (N.D. Tex. Jan. 13, 2017) .................. 8, 9, 15

*Edwards v. Oliver*,
  No. 3:17cv01208-M-BT, 2019 WL 4597573 (N.D. Tex. Sept. 23, 2019) .............. 11

*Edwards v. Oliver*,
  No. 3:17cv01208-M-BT, 2019 WL 4603794 (N.D. Tex. Aug. 12, 2019) ................ 11

*Estate of Davis ex rel. McCully v. City of N. Richland Hills*,
  406 F.3d 375 (5th Cir. 2005) ...................................................................... 6, 13

*Fernandez-Montes v. Allied Pilots Ass'n*,
  987 F.2d 278 (5th Cir. 1993) ........................................................... 3

*Fraire v. City of Arlington*,
  957 F.2d 1268 (5th Cir. 1992) ................................................... 13, 14

*Groden v. City of Dallas*,
  826 F.3d 280 (5th Cir. 2016) ........................................................... 8

*Hamm v. DeKalb County*,
  774 F.2d 1567 (11th Cir. 1985) ..................................................... 10

*Hare v. City of Corinth*,
  74 F.3d 633 (5th Cir. 1996) ........................................................... 13

*Hartzog v. Hackett*,
  711 F. App'x 235 (5th Cir. 2018) ................................................... 13

*Holloway v. Gunnell*,
  685 F.2d 150 (5th Cir. 1982) ......................................................... 10

*In re Katrina Canal Breaches Litig.*,
  495 F.3d 191 (5th Cir. 2007) ........................................................... 3

*Jackson v. Procunier*,
  789 F.2d 307 (5th Cir. 1986) ........................................................... 3

*Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*,
  677 F.2d 1045 (5th Cir. 1982) ......................................................... 3

*Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*,
  369 F.3d 464 (5th Cir. 2004) ........................................................... 3

*Mohamed for A.M. v. Irving Indep. Sch. Dist.*,
  252 F. Supp. 3d 602 (N.D. Tex. 2017) ........................................... 10

*Monell v. Dep't of Soc. Servs.*,
  436 U.S. 658 (1978) ......................................................................... 7

*Peterson v. City of Fort Worth*,
  588 F.3d 838 (5th Cir. 2009) ........................................................... 8

*Piotrowski v. City of Houston*,
  237 F.3d 567 (5th Cir. 2001) ................................... 5, 6, 7, 8, 10, 13

*Saenz v. City of El Paso*,
  637 F. App'x 828 ........................................................................... 11

*Sanders-Burns v. City of Plano*,
  594 F.3d 366 (5th Cir. 2010) ............................................................. 11

*Seltzer-Bey v. Delo*,
  66 F.3d 961 (8th Cir. 1995) ............................................................. 10

*Smith v. Brenoettsy*,
  158 F.3d 908 (5th Cir. 1998) ............................................................. 6

*Spiller v. City of Tex. City, Police Dep't*,
  130 F.3d 162 (5th Cir. 1997) ............................................................. 9, 14

*Thompson v. Upshur County*,
  245 F.3d 447 (5th Cir. 2001) ............................................................. 13

*Webster v. City of Houston*,
  735 F.2d 838 (5th Cir. 1984) ............................................................. 6, 8, 9, 10

**Rules**

Fed. R. Civ. P. 1 ............................................................. 4

Fed. R. Civ. P. 12(b)(6) ............................................................. 1, 2

Fed. R. Civ. P. 8(a)(2) ............................................................. 5

TO THE HONORABLE COURT:

The Defendant Dallas County ("the County"), pursuant to Federal Rule of Civil Procedure 12(b)(6), files this motion to dismiss the claims alleged against it in the Plaintiffs' Original Complaint (ECF No. 1) (the "Complaint").

## I.      Summary of the Motion

Plaintiffs, who allege that they were peaceful protesters, seek pursuant to 42 U.S.C. § 1983 compensatory damages, and declaratory and equitable relief, for alleged violations of their First Amendment rights peaceably to assemble and their Fourth Amendment rights to be free from un-reasonable searches and seizures and from excessive force.  Plaintiffs allege that they were arrested and jailed by Dallas Police Department ("DPD") officers without probable cause to believe that they had committed a penal offense, and that Dallas County "participated" in those constitutional violations by jailing Plaintiffs, and by denying one of the Plaintiffs a cup for water while she was being booked into the Dallas County Jail (the "Jail").

Plaintiffs fail to plead non-conclusory facts sufficient to state a plausible claim for relief. Plaintiffs' well-pleaded factual allegations do not permit the Court to draw a reasonable inference that the County is liable under § 1983 for the alleged misconduct of its Jail personnel.  Plaintiffs fail to plead nonconclusory facts that allow a reasonable inference that a County custom having the force of official County policy was the legal cause of the Jail personnel's alleged misconduct, or that the County's final policymakers were deliberately indifferent to the alleged unconstitutional Jail custom.  Therefore, the Court should grant the County's motion.

## II.      Procedural History and Brief Factual Summary

### A.      Procedural history

Plaintiffs filed suit on 30 June 2020.  (*See* Court's Docket.)  On 29 July 2020, the Defendant City of Dallas ("the City") and Dallas County filed a stipulation that the City's responsive pleading

or Rule 12 motion would not be due until 14 August 2020 (ECF No. 6), which the Court treated

as a motion to extend time to answer, and granted that same day.  (*See* ECF No. 7.)  The County

tendered a waiver of service of summons, which Plaintiffs filed on 2 September 2020 (ECF No.

8.)  The Court has not entered a scheduling order.  (*See* Court's Docket.)

### B.    Brief factual summary

Plaintiffs allege the following:[1]

On the evening of 29 May 2020, Plaintiffs and others participated in a non-violent public

protest over the tragic death of James Floyd and in support of the "Black Lives Matter" movement.

("BLM").  (Complaint 3 para. 12.)  DPD personnel used tear gas and fired "rubber bullets" into

the protesters to break up the demonstration.  (*Id.* at 4 para. 15.)  DPD officers arrested nonviolent

protesters, and transported them to the County's Jail on charges of riot participation, obstruction

of a roadway, and curfew violations.  (*Id.* para. 16.)  Plaintiffs allege that DPD officers selectively

enforced unspecified laws to target peaceful protesters engaged in "protected First Amendment

activity."  (*Id.* paras. 17-18.)  Plaintiffs generally allege that Dallas County "participated" in the

DPD's alleged unlawful conduct by "jailing peaceful protesters and intimidating them during their

incarceration."  (*Id.* para. 18.)

### III.    Argument and Authorities that Require Dismissal

### A.    The Rule 12(b)(6) standard:  whether the well-pleaded facts present a facially plausible claim for relief.

Rule 12(b)(6) provides for dismissal of a claim if the complaint fails to state a claim upon

which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6)

---

[1] The County does not agree with, or even have complete knowledge about, all of Plaintiffs' factual allegations, particularly as to the interactions between Plaintiffs and DPD officers.  The County recites them in this motion to provide to the Court essential background information about the nature of the factual allegations upon which Plaintiffs base their claims against the County.

tests the legal sufficiency of the claims as are stated in the complaint, and such a motion must be evaluated solely on the basis of the pleadings. *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986). There are two primary considerations for a court's analysis of the propriety of a motion to dismiss under Rule 12(b)(6). First, the factual allegations contained in the complaint are to be construed in the plaintiff's favor and all *well-pleaded* facts are to be accepted as true. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, conclusory statements in a complaint are not to be accorded a presumption of truth. *Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Therefore, conclusory allegations and legal conclusions masquerading as factual assertions are not adequate to prevent dismissal for failure to state a plausible claim for relief, and prompt dismissal pursuant to Rule 12(b)(6) is appropriate. *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Moreover, the Supreme Court held in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), that the factual allegations in a complaint must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations are true. *Twombly*, 550 U.S. at 555 (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). As such, it is no longer sufficient that relief could be granted under some theoretical set of facts consistent with a complaint's allegations, which was the familiar standard the Supreme Court set out in *Conley*, 355 U.S. at 45-46. Rather, under *Twombly*, plaintiffs must "nudge their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Therefore, to survive a motion to dismiss made pursuant to Rule 12, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The facial plausibility standard applies to all of a plaintiff's claims.

The Supreme Court clarified the scope and application of *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  *Iqbal* makes clear that the *Twombly* decision was based upon the Supreme Court's interpretation and application of Rule 8, *Iqbal*, 556 U.S. at 684 (citing *Twombly*, 550 U.S. at 554), which "governs the pleading standard 'in all civil actions and proceedings in the United States district courts,'" *id.* (quoting Fed. R. Civ. P. 1)).  Therefore, *Twombly's* (and *Iqbal's*) facial plausibility requirements apply to Plaintiffs' allegations against the County.

The Court's opinion in *Iqbal*, section IV-A, sets forth this motion's legal foundation.  In summary, *Iqbal* held that the following standards shall apply when evaluating the sufficiency of *all* federal complaints:

- The rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

- A complaint must be plausible on its face.  "A claim has facial plausibility when the Plaintiffs plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

- "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

- A complaint is insufficient if it merely tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

The *Iqbal* Court stated two principles support its decision in *Twombly*, from which the foregoing standards were derived.  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  Therefore, and critically, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Second, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—'but it has not 'show[n]'—'that the pleader

is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (applying Fed. R. Civ. P. 8(a)(2) (requiring " a short and plain statement of the claim showing the pleader is entitled to relief.")).  Therefore, *Iqbal* directs that a court considering a motion to dismiss "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.  Such conclusions are not "well-pleaded" factual allegations, and do not plausibly give rise to an entitlement to relief.  The County will now demonstrate that the Complaint fails to meet *Iqbal's* facial plausibility test as to the claims pleaded against it.

### B.    Governmental liability under § 1983

A plethora of cases have expounded upon the standards for imposing liability on govern-mental entity under § 1983.  It is well-settled that a governmental entity cannot be liable under a theory of *respondeat superior.  Piotrowski v. City of Houston*, 237 F.3d 567, 568, 578 (5th Cir. 2001) (citing *Bd. of Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)).  Isolated unconstitutional actions by local governmental employees will almost never trigger § 1983 liability.  *Piotrowski*, 237 F.3d at 578 (citing *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984)).  Rather, and as the Fifth Circuit emphasized in *Piotrowski*, to hold a governmental unit liable under § 1983, a plaintiff must establish that an "official policy" of the government—and not the policy of an individual governmental official—was the "moving force" and actual cause of the loss of constitutional rights and any resultant harm.  *Piotrowski*, 237 F.3d at 578.

The Fifth Circuit reiterated in *Piotrowski* that, while official policy "is ordinarily contained in duly promulgated policy statements, ordinances, or regulations," it may arise from a custom, previously defined by the Fifth Circuit in *Webster v. City of Houston* as

> a persistent, widespread practice of [government] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents [governmental] policy.

Page 5

*Piotrowski*, 237 F.3d at 579 (citing *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)).

However, it is not sufficient that a plaintiff simply offer the raw assertion that there was a custom having the force of governmental policy.  *Piotrowski* requires Plaintiffs to specifically identify the official policy (custom) that is alleged to have caused the constitutional harm:

> It follows that that each and any policy which allegedly caused constitutional violations must be specifically identified by a plaintiff, and it must be determined whether each one is facially constitutional or unconstitutional.

*Piotrowski*, 237 F.3d at 579-80.

Absent a facially unconstitutional policy or custom, governmental liability under § 1983 can only arise from a custom having the force of official policy if governmental final policymakers were deliberately indifferent to the "'known or obvious consequences' that constitutional violations would result" from the custom.  *Piotrowski*, 237 F.3d at 579.  Countless Fifth Circuit decisions have explained that deliberate indifference imposes a strict standard of fault, and includes a subjective component.  For example, in *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375 (5th Cir. 2005), the Fifth Circuit stated that "[f]or an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Estate of Davis*, 406 F.3d at 381 (citing *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998) (internal quotation marks and citations omitted)).  Therefore, a sufficient complaint must provide adequate "factual content" to make deliberate indifference by Sheriff Brown or the County's official final policymakers not merely conceivable, but plausible in the context of the specific facts alleged.  *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Similarly, the Supreme Court held in *City of Canton v. Harris*, 489 U.S. 378 (1989), that a

*Monell*[2] claim based upon a "policy" of inadequate police training requires proof of "deliberate indifference" to the rights of persons with whom governmental officials will come into contact. *Canton*, 489 U.S. at 388.  Likewise, a claim based upon a government's failure to supervise or discipline its employees requires the same showing of a policymaker's deliberate indifference to the constitutional rights of citizens.  *Deville v. Marcantel*, 567 F.3d 156, 171 (5th Cir. 2009) (citing *Piotrowski*, 237 F.3d at 581).  Thus, to plead a *Monell* claim based upon alleged customs of deficient training and supervision, Plaintiffs must plead *facts* that support deliberate indifference by Sheriff Brown or by the County's final policymakers to a specific inadequacy in the training, supervision, or discipline of Jail guards.

Plaintiffs fail to state a plausible § 1983 claim against the County because Plaintiffs' live Complaint (1) fails to plead facts sufficient to support an inference of the existence of a persistent and widespread custom having the force of official policy of suppression of protest activities that are protected by the First Amendment, unlawful arrests or the use of excessive force in the course of an arrest, or denial of water to detainees; (2) fails to plead facts sufficient to allow an inference of deliberate indifference by the County's final policymakers for the Jail of any of the foregoing alleged customs; and (3) fails to plead facts sufficient to support a reasonable inference of legal causation.

    **1.    Plaintiffs do not identify County final policymakers responsible for the Jail personnel's alleged unconstitutional conduct.**

The first of the three attribution principles for municipal liability under § 1983 is a final policymaker.  *Piotrowski*, 237 F.3d at 578.  As the Fifth Circuit stated pointedly in *Piotrowski*, "several Supreme Court cases have discussed the policymaker criterion for municipal liability."

---

[2] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) (holding that local governmental entities are "persons" subject to liability under 42 U.S.C. § 1983).

*Id.* at 579.  Here, Plaintiffs do not allege the identity of the culpable final policymaker(s) for the County, but presumably, a potential final policymaker would be the elected sheriff, Sheriff Marian Brown, who oversees Jail operations.  *Cf. Groden v. City of Dallas*, 826 F.3d 280, 285 (5th Cir. 2016) (holding that a § 1983 plaintiff is not required to plead the identity of the final governmental policymaker).  While Plaintiffs are not obligated to plead the identity of the final policymaker(s), the Complaint's facial plausibility must be measured against the nonconclusory facts that Plaintiffs plead, if any, that would permit a reasonable inference of final policymaker involvement in the Jail personnel's actions of which Plaintiffs complain.

> **2.      Plaintiffs' § 1983 claims must be dismissed because Plaintiffs fail to sufficiently plead the existence of an offending custom having the force of official policy.**

The second of the three attribution principles for governmental liability under § 1983 is the existence of an official government policy.  *Piotrowski*, 237 F.3d at 578.  The County will focus upon Plaintiffs' failure to plead sufficiently those customs having the force of official policy were the supposed legal cause of the constitutional deprivations Plaintiffs allege in their Complaint.

Official policy "usually exists in the form of written policy statements, ordinances, or regulations, but it may also arise in the form of a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy."  *E.G. v. Bond*, No. 1:16-CV-068-C, 2017 WL 129019, at *4 (N.D. Tex. Jan. 13, 2017) (Cummings, J.) (quoting *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009) (internal quotations omitted)).  Here, the Complaint does not allege a facially unconstitutional policy, such as might be found in "duly promulgated policy statements, ordinances, or regulations."  *See Webster*, 735 F.2d at 841 (defining official policy).  That is, Plaintiffs do not plead that Sheriff Brown or the County's final policymakers duly promulgated a facially unconstitutional written policy.  Therefore, Plaintiffs necessarily relies upon the second of the *Webster* definitions of official policy, "a persistent, wide-

spread practice of [County] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents [County] policy." *Webster*, 735 F.2d at 841.

As a matter of pleading sufficiency, a plaintiff must identify an actual government policy that led to the injuries as alleged. *Bond*, 2017 WL 129019, at *4 ("The Court agrees with the Magistrate Judge's opinion that the law requires Plaintiffs to identify an actual policy of the County that led to Plaintiffs' injuries") (citing *Bennett*, 728 F.2d at 767). The policy allegations in *Bond* were insufficient because "nothing in the Amended Complaint identifie[d] any actual training policy (or supervision or discipline policy) or practice of the County of Abilene that was defective or that was adopted with deliberate indifference." In *Bond*, this Court added that the plaintiffs

> must at least make some allegation relating to an identifiable training, supervision, and discipline policy or customary practice of the County that was constitutionally defective; simply alleging that the County generally failed to train, supervise, and discipline its [School Resource Officers] is insufficient to plead a § 1983 claim that is plausible on its face.

*Bond*, 2017 WL 129019, at *4. The Court's holding in *Bond* is, of course, consistent with Fifth Circuit precedent. *See Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (holding that a § 1983 plaintiff must identify an offending policy with specificity).

In light of the foregoing standards, Plaintiffs' pleading of alleged Dallas County policies and customs clearly is fatally deficient. Plaintiffs' allegations against the County are cursory at best. Plaintiffs pleads only an isolated incident in which only one of the four Plaintiffs, Yolanda Dobbins, allegedly was denied a cup of water:

> 28.    While incarcerated by the County of Dallas, Ms. Dobbins asked for a cup of water. The jailer for the County of Dallas denied her request, and told her "You should have thought of that before you came down here [to protest]" in an attempt to dissuade Ms. Dobbins and those similarly situated from exercising their First Amendment rights.

(Complaint 5 para. 28.)

The Complaint does not allege that either of the other two Plaintiffs (Lily Godinez and Megan Nordyke), or any other person arrested by the DPD at a protest, was similarly denied a cup of water.[3]  (*Compare* Complaint paras. 19-28 *with* paras. 29-36 *and with* paras. 37-45.)  In other words, Plaintiffs' allegation that a single County Jail employee denied a single individual water is a classic instance of an isolated action by a local governmental employee, rather than a persistent and widespread practice, which does not trigger § 1983 liability.  *Piotrowski*, 237 F.3d at 578.

The settled rule is that pleading an anecdotal isolated incident is not sufficient to plead a plausible government custom.  A customary governmental policy cannot ordinarily be inferred from single constitutional violations.  *See, e.g., Webster,* 735 F.2d at 851.  "Isolated violations are not the persistent, often repeated, constant violations, that constitute custom and policy as required for municipal section 1983 liability."  *Piotrowski v. City of Houston*, 237 F.3d 567, 581 (5th Cir. 2001) (quoting *Bennett v. City of Slidell,* 728 F.2d 762, 768 n.3 (5th Cir. 1984)); *see also*, *e.g.*, *Mohamed for A.M. v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 618 (N.D. Tex. 2017) (Lindsay, J.) (finding a § 1983 claim was insufficiently pleaded where the plaintiff failed to identify any official policy that allegedly caused the underlying constitutional violation, such that "the court is left with an isolated, allegedly unconstitutional incident, which is generally insufficient to establish

---

[3] The County notes that it is doubtful that denial of a cup of water at the moment of an arrestee's demand states a deprivation rising to the level of a constitutional harm.  *See Holloway v. Gunnell*, 685 F.2d 150, 156 (5th Cir. 1982) (holding that a plumbing problem resulting in the cutoff water to a prisoner's cell for several hours, among other complaints about living conditions, "were not sufficient to state a claim of constitutional dimension"); *see also Brown v. Faggart*, No. 1:09-CV-573, 2013 WL 316152, at *3 (M.D.N.C. Jan. 28, 2013), *aff'd sub nom. Brown v. Ewart*, 517 F. App'x 134 (4th Cir. 2013) (holding that it is not a constitutional violation to place a segregated detainee for a short period of time in a cell with no running water or toilet or access to a shower for managerial reasons, so long as the detainee's basic needs are met) (citing *Hamm v. DeKalb County*, 774 F.2d 1567, 1573-74 (11th Cir. 1985)); *Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995) (placement in a strip cell without clothes, running water, mattress or blanket for two days was not unconstitutional where there was no evidence that the inmate suffered any injury or adverse health consequences).

an official policy or custom for section 1983 purposes.").  In addition to pleading more than one incident, to establish a pattern, a § 1983 plaintiff must allege incidents "which [are] 'fairly similar to what ultimately transpired.'" *Edwards v. Oliver*, No. 3:17cv01208-M-BT, 2019 WL 4603794, at *7 (N.D. Tex. Aug. 12, 2019) (Rutherford, M.J.), *report and recommendation adopted*, No. 3:17cv01208-M-BT, 2019 WL 4597573 (N.D. Tex. Sept. 23, 2019) (Lynn, C.J.) (citing *Saenz v. City of El Paso*, 637 F. App'x at 828, 832) (quoting *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010)).  Here, Plaintiffs' Complaint fails to allege any other misconduct by County personnel, much less incidents that are fairly similar to what Plaintiffs allege concerning Dobbins.

In addition, Plaintiffs plead no facts whatsoever to permit an inference that such denials of water were limited to persons DPD arrested for protesting.  Taken together, Plaintiffs fail to plead any facts suggesting that there was a persistent and widespread custom of Jail personnel refusing water to Jail inmates, much less a custom of doing so selectively to persons arrested in BLM protest activities.  Therefore, Plaintiffs fail to plead a plausible § 1983 claim against the County based on the alleged denial of a cup of water to Plaintiff Dobbins.

Plaintiffs' second allegation directed at the County is that the County "participated" in the First and Fourth Amendment violations committed by DPD officers, "by jailing peaceful protesters and by intimidating them during their incarceration, denying them cups of water, and telling them 'You should have thought about that before you came down here [to protest]."  (Complaint 4 para. 18.)  As shown above, Plaintiff Dobbins is the only arrestee who was denied a cup of water and chided for participating in the protests.  As for admitting the arrestees into the Jail, it is apparent from the Complaint that the County did not participate at all in the actual arrests.  The Complaint makes clear that DPD officers, and *only* DPD officers, effected Plaintiffs' arrests.  Put differently, there is no allegation in the Complaint that *County* personnel participated in the arrests, other than

to book arrestees into the Jail.  Plaintiffs plead no facts from which the Court can infer that any County employee was aware that the Plaintiffs' arrests were not based upon probable cause, that excessive force was used, or that DPD officers selectively arrested law-abiding protesters such as the Plaintiffs.  In other words, the Complaint is wholly lacking in nonconclusory factual allegations that *County* personnel committed a violation of Plaintiffs' First or Fourth Amendment rights, save the allegation that one Jail officer denied Plaintiff Dobbins a cup of water and made an isolated stray remark.  Therefore, Plaintiffs fail to plead the existence of an offending County custom having the force of official policy, so the Court should dismiss Plaintiffs' claims for lack of facial plausibility.

> **3.      Plaintiffs' § 1983 claims against the County must be dismissed because Plaintiffs fail to plead facts sufficient to permit a reasonable inference of deliberate indifference by a County final policymaker.**

The County has already established that, with respect to the customs that Plaintiffs allege, Plaintiffs fail to plead facts sufficient to support a reasonable inference that there was a persistent and widespread unconstitutional practice that rose to the level of official County policy.  However, even if Plaintiffs had pleaded facts sufficient to permit a reasonable inference of the existence of the relevant County or Sheriff's Department customs, Plaintiffs still fail to plead *facts* from which the Court can rationally infer that the County's final policymakers for the Jail were "deliberately indifferent" to a known or obvious risk that those customs would result in deprivations of specific rights in the manner that Plaintiffs allege.

The Fifth Circuit recently re-emphasized the extreme level of subjective knowledge and knowing disregard embodied in the deliberate indifference standard:

> The deliberate indifference standard is extremely high.  It requires a plaintiff to show that "1) the official was aware of facts from which an inference of substantial risk of serious harm could be drawn; 2) the official actually drew that inference; and 3) the official's response indicates the official subjectively intended that harm occur."

*Hartzog v. Hackett*, 711 F. App'x 235, 235-36 (5th Cir. 2018) (quoting *Thompson v. Upshur County*, 245 F.3d 447, 458-59 (5th Cir. 2001)) (citing *Hare v. City of Corinth*, 74 F.3d 633, 649-50 (5th Cir. 1996)).  *See also See Estate of Davis*, 406 F.3d at 381 ("For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

Here, Plaintiffs' Complaint lacks any facts that permit a reasonable inference that an official policymaker for the County or for the Jail; 1) was aware of facts from which an inference of substantial risk of serious harm could be drawn regarding provision of cups of water to arrestees, or of knowing participation in unlawful arrests of protesters; 2) the policymaker(s) actually drew the necessary inferences; and 3) the policymaker(s)' response indicates the policymaker(s) subjectively intended that harm occur.  *Hartzog*, 711 F. App'x at 235-36.

For this independent and additional reason, Plaintiffs' § 1983 claims against the County lacks facial plausibility, and the Court should grant this motion.

4.    **Plaintiffs' § 1983 claims against the County must be dismissed because Plaintiffs fail to plead sufficient facts to permit a reasonable inference of legal causation.**

The third of the three attribution principles for government liability under § 1983 is legal causation.  *Piotrowski*, 237 F.3d at 578.  The County will now shift focus to Plaintiffs' failure to sufficiently plead that the County's alleged Jail customs were the legal cause of the deprivations of rights as alleged in the Complaint.

The Fifth Circuit has explained that a § 1983 plaintiff must demonstrate a direct causal connection between official government policy and a resultant actionable harm.  As explained in *Fraire v. City of Arlington*, 957 F.2d 1268 (5th Cir. 1992):

> [A] direct causal connection must exist between the policy and the alleged constitutional deprivation.  This connection must be more than a mere "but for" coupling between cause and effect.  To form the basis of liability under

> § 1983, a municipal policy must be affirmatively linked to the constitutional
> violation and be the moving force behind it.

*Id.* at 1281 (footnotes omitted), *cited in Doerr v. Sisson*, No. 1:09-CV-00199-GHD, 2013 WL 3340487, at *6 (N.D. Miss. July 2, 2013), *aff'd*, 563 F. App'x 291 (5th Cir. 2014).  Put another way, the description of a policy or custom and its relationship to the underlying constitutional violation cannot be a mere conclusion, but must contain specific facts.  *Spiller*, 130 F.3d at 167.

Here, not only have Plaintiffs wholly failed to plead adequately the County or Sheriff's Department policy or custom at work, but the allegations of legal causation are bare conclusions that lack any factual support.  Plaintiffs provide no facts to support a supposed causal connection, much less facts that permit the Court to infer an affirmative link between any County policy and the Jail guards' allegedly unlawful actions.  In other words, Plaintiffs provide no facts to suggest more than the "mere 'but for' coupling between cause and effect" that the Fifth Circuit requires.  *See Fraire*, 957 F.2d at 1281.  For this additional and independent reason, Plaintiffs' § 1983 claims against the County lack plausibility.  Therefore, the Court should grant this motion pursuant to Rule 12(c).

### C.   Plaintiffs do not plead a facially plausible fail-to-train claim against the County.

Plaintiffs' "Third Cause of Action" is premised upon "Inadequate Training."  (Complaint 11 paras. 59-60.)  However, despite Plaintiffs' global reference to "Defendants," Plaintiffs do not appear to plead a fail-to-train claim against the County, much less a facially plausible fail-to-train claim.  The relevant allegations in Plaintiffs' fail-to-train claim comprise one short paragraph:

> 60.     Defendants are also liable because (1) their *training procedures relating to arrests, interactions with community members, and appropriate force are inadequate*; (2) Defendants were deliberately indifferent to the constitutional rights of the public in adopting the training policies; and (3) the inadequate training has directly caused Plaintiffs' damages.  These allegations are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(Complaint 11 para. 60) (emphasis added).

As discussed above, Plaintiffs do not plead any facts that even suggest that any County personnel were involved in Plaintiffs' arrests.  Per the Complaint, DPD officers—and only DPD officers—interacted with Plaintiffs during the protest, arrested Plaintiffs, and used force against Plaintiffs.  Therefore, Plaintiffs' fail-to-train claim, which relates exclusively to the DPD's alleged misconduct, does not pertain to the County.

Even if the Complaint paragraph 60 allegations were somehow contorted to pertain to the County, the allegations remain insufficient as a matter of law.  Plaintiffs fail to plead an identifiable training policy or customary practice of the County that was constitutionally defective, and their simple allegation that the County's training procedures are "inadequate" are deficient as a matter of law.  *See Bond*, 2017 WL 129019, at *4 (finding a complaint alleging that the county's training was inadequate where the complaint failed to make an allegation relating to an identifiable training policy or customary practice, and simply alleged generally that the county failed to train its School Resource Officers).  Plaintiffs' fail-to-train allegations lack facial plausibility for the same reasons and, accordingly, the Court should grant this motion.

## IV.    CONCLUSION

Plaintiffs' Complaint allegations fail to state a plausible claim for relief under 42 U.S.C. § 1983 as to the County.  Plaintiffs fail to sufficiently plead a governmental custom having the force of official County or Sheriff's Department policy, fail to allege any nonconclusory facts that permit a reasonable inference that the policymakers for the County or the Jail were deliberately indifferent to a substantial risk that any unidentified Jail custom would lead to a deprivation of Federal constitutional or statutory rights as alleged in the Complaint, and further fail to plead any nonconclusory facts that permit a reasonable inference that any of the unspecified County or Jail customs was the legal cause of a deprivation of Plaintiffs' federal rights.  As a result of the lack of

nonconclusory factual content in Plaintiffs' Complaint, Plaintiffs' § 1983 claims asserted against the County lack facial plausibility, and must be dismissed for failure to state a claim upon which relief can be granted.

WHEREFORE, the Defendant Dallas County requests the Court dismiss all of the claims alleged against it in the Plaintiffs' Original Complaint, and that the Court grant Dallas County all such other and further relief to which it is entitled as is consistent with this motion.

Respectfully submitted,

JOHN CREUZOT
CRIMINAL DISTRICT ATTORNEY
DALLAS COUNTY, TEXAS

*s/ Jason G. Schuette*
Assistant District Attorney
Texas State Bar No. 17827020
jason.schuette@dallascounty.org

Federal Litigation Division
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB 19
Dallas, Texas  75207
Telephone:   214.653.3692
Telecopier:   214.653.2899

ATTORNEYS FOR THE DEFENDANT
DALLAS COUNTY

## CERTIFICATE OF SERVICE

On 09 September 2020 I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas.  I hereby certify that I have served the document on all counsel and/or *pro se* parties of record by a manner authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure.

*s/ Jason G. Schuette*
Assistant District Attorney